Case 2:14-cv-00112 Document 36 Filed in TXSD on 12/18/15 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 18, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RELIABLE AMBULANCE SERVICE OF LAREDO, INC., § § § Plaintiff, § VS. § SYLVIA MATHEWS BURWELL, § § § Defendant. § | CIVIL ACTION NO. 2:14-CV-112 |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PARTFEE APPLICATION

On August 6, 2015, final judgment was entered for Plaintiff Reliable Ambulance Service of Laredo, Inc., ordering the Defendant Secretary of Health and Human Services to pay Medicare reimbursement fees in the amount of $38,796.00 (D.E. 26, 32). The Secretary has not appealed the judgment. On November 6, 2015, Plaintiff filed an application for attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA)(D.E. 33).[1] Plaintiff seeks fees and costs in the amount of $24,117.15, or, in the alternative, $18,736.21.[2] The Secretary filed a response on November 25, 2015 in which she stated that although she generally is not opposed to the award of attorney's fees and costs, she does not believe Plaintiff is entitled to the total amount it seeks (D.E. 34). Plaintiff filed a reply to the response on December 15, 2015 and conceded that

---

[1] Plaintiff had filed an earlier application for EAJA fees, but it was denied without prejudice because it was premature (D.E. 29, 31).
[2] Plaintiff initially sought fees for an appeal, even though an appeal had not been filed. Plaintiff subsequently withdrew its request for any amount of fees owed to it in the future in the event of an appeal or appeals (D.E. 35, pp. 1-2).

Respondent was correct and Plaintiff was not entitled to the total amount it originally sought (D.E. 35). For the reasons discussed more fully below, Plaintiff's motion is granted in part and denied in part.

## APPLICABLE LAW

In a civil suit brought against the United States or one of its agencies, the prevailing party is entitled to reasonable attorney's fees and costs under the EAJA, unless the Court finds that the position of the government was substantially justified or the presence of special circumstances makes an award unjust. 28 U.S.C. § 2412. Plaintiff seeks EAJA fees for 89.05 hours of attorney work at the rate of $250.00 per hour, 19 hours of paralegal work at the rate of $45.00 per hour and $1,000 in expenses. In the alternative, Plaintiff seeks EAJA fees in the amount of $189.57 for 89.05 of attorney work and the other fees and costs as stated.

### A. Prevailing party

Plaintiff is the prevailing party in this matter and the Secretary has not argued otherwise.

### B. Net worth of the Plaintiff

Plaintiff asserts that its net worth is significantly less than $7,000,000, as required by 28 U.S.C. § 2412(d)(2)(B) (Affidavit of Fernando Canseco, D.E. 33-1, p. 4). The Secretary has not argued that Plaintiff's allegation is untrue.

### C. Position of the Government

For an award of fees under EAJA, Plaintiff must show that the position of the government was not substantially justified. 28 U.S.C. § 2412(d). To be substantially

justified, the United States' position must have a "'reasonable basis both in law and in fact.'" *Pierce v. Underwood*, 487 U.S. 552, 563, 565 (1988) (citations omitted).  Put another way, "substantially justified" means "justified to a degree that could satisfy a reasonable person." *Id*. at 565.  It is more than merely undeserving of sanctions for frivolousness, but less than "clearly and convincingly justified." *Id*. at 567.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(b).  The burden of proving substantial justification is on the government.  *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003).

The Government argues that its position was substantially justified because the coverage decision had been affirmed through various levels of appeal and there was no contemporary documentation that Plaintiff provided any services or support to respond or to treat the beneficiary's pain.  Regarding the administrative affirmations on appeal, the Supreme Court assessed a similar argument in *Pierce*.  There, when talking about a case's procession through the court system, the Court noted that a string of losses in the lower courts could be indicative that the Government's positions was not substantially justified while a string of successes could be indicative that a position was substantially justified.  However, the Court concluded that this particular category of objective indicia was not enough to decide the case. *Pierce*, 487 U.S. at 569.  The Court then examined the actual merits of the Government's litigating position. *Id.*  Thus, the fact that the Government

prevailed during the administrative appeal process is not dispositive of the issue of whether its position was "substantially justified."

Regarding the Government's argument that there was no contemporary documentation that Plaintiff provided any services or support to respond or treat the beneficiary's pain, the record indicates otherwise. Plaintiff was transported by ambulance to and from dialysis treatments and the only issue in the case was whether other methods of transportation were contraindicated.[3] Documentation in the form of "run sheets" prepared at the time Plaintiff was transported indicated that she was bed-confined because of her above-the-knee amputation, poor upper trunk control and poor motor function. She also had a chronic infection on her left stump and had an ulcer on her right thigh for which she had undergone surgical debridement. She often complained of either mild or moderate pain to her stump, thigh, or buttocks. Testimony at an administrative hearing showed that Plaintiff had to be placed in a special position to minimize pressure on her wounds and could not sit in a wheelchair without being restrained. Although the administrative hearing officer found that she could have been transported in a stretcher van, an ambulance attendant testified that Plaintiff needed trained medical personnel to provide specialized handling during the transport and ride to avoid damage to the wound on her stump and the ulcer on her right leg. Nothing in the record contradicted the attendant's testimony. In the face of the evidence in the administrative record and the

---

[3] For a complete discussion of the facts and relevant statutes and regulations in this case, see the Memorandum and Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment (D.E. 26).

documents submitted in this litigation, the Government's position that Plaintiff did not need to be transported by ambulance was not substantially justified.

### D.  Number of Hours Spent

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  Also, the district court should exclude from the initial fee calculation hours that were not reasonably expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982).  "To determine the number of hours reasonably spent, one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary."  *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984).

Counsel requests compensation for 9.95 hours of work for one attorney and 79.1 hours for a second attorney (Billing summary, Ex. 2 to Pl's. Reply to Def's Response to Supp. App. for Fees, D.E. 35-2).  Plaintiff's billing summary shows that counsel prepared and filed a detailed complaint, motions, and briefs, none of which were repetitive or cumulative.  Defendant does not dispute the number of hours spent by Plaintiff's counsel or claim that they are excessive or otherwise unnecessary.  The time spent appears reasonable in view of the size of the administrative record and the detailed legal and factual arguments raised in Plaintiff's filings.

**E.  Hourly Rate for Attorney Fees**

Plaintiff seeks EAJA fees at the rate of $250.00 per hour, or, in the alternative, $189.57 per hour, for attorney's fees.  The EAJA provides that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A); *Hall v. Shalala*, 50 F.3d. 367, 370 (5th Cir. 1995).  The cost-of-living adjustment has always been based upon the Consumer Price Index ("CPI") furnished by the Bureau of Labor Statistics.  *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).  In *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), the Fifth Circuit Court of Appeals found that Congress intended to provide an allowance for a cost-of-living increase, although the statute does not absolutely require it.  Except in unusual circumstances, if there is a significant difference in the cost of living since the setting of the basic hourly rate that would justify an increase in the fee, an increase should be granted.  The rule does not require that fee awards track the cost-of-living index for the geographical area, although it is a significant indicator.  Rates should be increased only to the extent necessary to ensure an adequate source of representation and should not exceed the percentage by which the market rate attorneys' fees have increased since the enactment of the statute.  *Id.*, 839 F.2d at 1084.  *See also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation; this expectation will not be realized, however, if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees").

Plaintiff initially asks that its attorneys be compensated at the rate of $250 per hour based on a lode-star or market rate analysis. It claims that the "special factor" noted in 28 U.S.C. § 2412(d)(2)(A) should be interpreted to include the following:

(1) Government contractors force plaintiffs to bring cases individually even when there may be identical issues of interpretation, application and denial of multiple individual claims during the same time frame, forcing plaintiffs to engage in repetitive litigation;

(2) Because unpaid reimbursements do not accrue interest, the government has no incentive to resolve disputes in a timely fashion and the delay in resolution should be considered a factor in calculating the attorney's fees; and

(3) There is a need to litigate wrongful withholding or reimbursement claims and a limited number of attorneys are willing to take them on behalf of clients with limited resources.

However, in *Pierce*, the Supreme Court found that neither the novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, the results obtained, nor the contingent nature of the fee qualify as "special factors." Rather, those are factors applicable to a broad spectrum of cases. *Pierce*, 467 U.S. at 573. Plaintiff has not shown that the "special factors" it cites justify an increase over the statutory EAJA cap.

In the alternative, Plaintiff asserts that fees should be calculated at the statutory base rate of $125 per hour, increased by the 2015 cost-of-living adjustment set forth in the CPI to $189.57 per hour. However, because some of the work was done in 2014 and some in 2015, the cost-of-living adjustment for each year the work was done will be used to calculate the rate. Thus, in 2014 Plaintiff's counsel performed 44.50 hours of work at

the cost-of-living adjusted hourly fee of $188.60, for a total of $8,392.70.[4]  In 2015, Plaintiff's counsel performed 43.55 hours work at the cost-of-living adjusted fee of $189.08 per hour for a total of $8,234.43.  Adding the fees together for both years yields a total of $16,627.13.

**F.  Paralegal Fees, Court Costs and Expenses**

Plaintiff also seeks fees for 19 hours of work performed by a paralegal at the rate of $45.00 per hour.  The EAJA allows a prevailing party to recover paralegal fees at the prevailing market rate.  *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571 (2007); *Sandoval v. Apfel*, 86 F.Supp.2d 601, 611 (N.D. Tex. 2000).  Defendant did not dispute that Plaintiff is entitled to paralegal fees in the amount of $45.00 per hour.  Accordingly, Plaintiff is entitled to $855 in paralegal fees.

In addition, Plaintiff seeks reimbursement of filing fees of $400.00, copy costs of $517.00 and postage in the amount of $83.00 for a total of $1,000 pursuant to 28 U.S.C. §§ 2412(a) and 2412(d)(1)(A).  Costs referenced in the statute are those items enumerated in 28 U.S.C. § 1920 and include costs for court filing fees and photocopying.  Although the statute does not list postage as a compensable cost, Defendant did not oppose the award of postage costs to Plaintiff in its response to the fee application.  Plaintiff is entitled to reimbursement in the amount of $1,000.

---

[4] The fees were calculated using the online inflation calculator provided by the Bureau of Labor Statistics, located at http://www.bls.gov/data/inflation_calculator.htm (last viewed December 16, 2015).

## CONCLUSION

For the above-stated reasons, it is ORDERED that Plaintiff's Supplemental Application for Attorney's Fees and Expenses (D.E. 33) be GRANTED in part and DENIED in part. It is ORDERED that Defendant pay Plaintiff attorney's fees in the amount of $16,627.13. In addition, it is ORDERED that Defendant pay Plaintiff paralegal fees in the amount of $855.00 and further pay filing fees and other costs in the amount of $1,000. In total, it is ORDERED that Defendant pay Plaintiff $18,482.13 in attorney's fees and expenses. All other requests for fees and costs are DENIED.

ORDERED this 18th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE